Haynes, J.
This is a petition in error, filed in this court for the purpose of reversing the judgment of the court of. common pleas,, which court had dismissed a petition in error that had been, filed by the plaintiff company in that court,,for,the purpose of. *522 reversing an alleged special order made by the probate court of this county in a certain proceeding for the appropriation of lands pending therein, in favor of the plaintiff railway company against the Ann Arbor Railway Company. The particular matter before us is an application to fix the bond to be given for a stay of execution of the order of the probate court under a certain section of the Revised Statutes, sec. 5725. The defendant company oppose the granting of that motion, for the reason that the petition in error in the case was filed in the common pleas, and has proceeded here, before any final order was made in the probate court in the appropriation proceedings, and that the petition in error cannot be filed until final order is made; and that therefore the court of common pleas, and this court have no jurisdiction to hear or determine the matters in controversy.
The whole matter of the right to take up cases in error is governed in the state of Ohio by statutes. In the probate court a petition was filed by the Belt Railway Company, claiming the right to take about fifty feet in width, across certain lands lying within the city of Toledo that are owned by the Ann Arbor Company. The Ann Arbor Railway Company went into that court, and on the preliminary hearing, set up by way of answer, and upon that offered proof, that the strip of land in question was a part of the lands used by them for their terminal facilities in the city of Toledo ; that they were necessary for the business of the Ann Arbor Railroad, and especially so in view of the fact that their business was increasing, and that they should need them, both for side tracks and for the purpose of storing cars, and transacting such other business at the terminus of the road as might be necessary for them to transact at that terminal; and they denied the right, under the laws of Ohio, of the Belt Railroad Company to appropriate these lands to its use, in any manner or form. As I have said, testimony was offered before the probate judge upon the preliminary hearing, both for and against the proposition, and that court made a finding under the statute, and *523 thereupon a bill of exceptions was taken by the Ann Arbor road, and tendered to that court, signed by it, made a part of its records, and is sent up with a transcript of the proceedings. To the action of that court, and what was actually done bv it, I shall refer further on. No other or further order has yet been made in said appropriation.
It becomes necessary, in order to get at a full understanding of the questions that are presented, that we should refer to quite a number of statutes, and I will refer to them in the first instance, so as to have them before the court; then proceed to discuss the questions that are made.
The plaintiff in error founds its right to file this petition in error and to have this order of suspension granted, upon sections 6707, 6708, 6709 and 6725 of the Revised Statutes.
Sec. 6707 provides that: “ An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made iu a special proceeding, or upon a summary application iu an action after judgment, is a final order which may be vacated, modified or reversed, as provided iu this title.”
The alleged order of the probate court, it is claimed, is an order affecting a substantial right made in a special proceeding ; for it is claimed by the plaintiff in error that the whole proceedings for the appropriation of private property come under the head of “special proceedings,” as denominated in the statute.
Sec. 6708 provides that: “ A judgment rendered or a final order made by a probate court, justice of the peacé, or any other tribunal, board, or officer exercising judicial functions, and inferior in jurisdiction to the court of common pleas, may be reversed, vacated, or modified by the court of common pleas.”
And the next section provides: “ A judgment rendered or final order made by the court of common pleas, or any supe *524 rior court, may be reversed,, vacated, or modified by the circuit court.”
Sec. 6725 reads:
“Execution of a judgment or final order, other than those enumerated in this chapter, of any judicial tribunal, or the levy or collection of any tax or assessment therein litigated, may be stayed on such terms as may be prescribed by the court in which the petition,in error is filed, or by a judge thereof.”
That is to be read in connection with sec. 6718, which provides that: “ No proceeding to reverse, vacate, or modify a judgment or final order rendered in the probate court, court of common pleas, superior court, or district court, except as provided in the fourth sub-division of this section (and as provided in three or four paragraphs here), shall operate to stay execution, unless the. clerk of the court in which the record of such judgment or final order is made take a bond,”
But sec. 6725 is intended to include everything which is not included in the other sections that I have referred to. It will be observed that these sections are those which govern the ordinary course of proceedings in error from tbe various courts to the circuit court, under the Revised Statutes, and is a part of what was originally known as the “ Code of Civil Procedure.”
The jurisdiction of the probate court, I understand, is drawn in question here, and reference may be made to that:
“ The probate court shall have exclusive jurisdiction, except as hereinafter provided : * * * Seventh, to make inquests of the amount of compensation to be made to the owners of real' estate when appropriated by any corporation legally authorized to make such appropriation.”
Section 537 provides: “In the exercise of the jurisdiction conferred, the probate judge shall have the same powers, perform the same duties, and be governed by the same rules and regulations, as are provided by law for the courts of common pleas and.the judges thereof, in vacation, so far as the same are consistent with laws in force.”
*525 It will be recollected that the term “ Code of Civil Procedure” has been left out of the Revised Statutes ; that under Part Three of the Revised Statutes, denominated “ Remedial,” Title I relates to “ procedure in the common pleas and superior courts, and in the circuits courts on appeal,” and includes very largely what was known as the Code of Civil Procedure. Title II refers to “ Procedure in Probate Court,” and is divided into chapters — first, on wills; second, executors and administrators; third, guardians and trustees; fourth, insolvent debtors; fifth, marriages; sixth, statistics of births and deaths; seventh, general provisions; eighth, appropriation of property; and ninth, criminal. Title III relates to matters before justices of the peace and mayors, and Title IV relates to error, mandamus, and quo warranto. Chapter seven of the statutes governing the procedure before probate courts, is entitled “General Proceedings,” and relates to quite a number of matters.
Sec. 5411 provides that: “The provisions of law governing civil proceeding in the court of common pleas shall, so far as applicable, govern like proceedings in the probate court, when there is no provision on the subject in this title.”
The next chapter treats of the appropriation of private property, and the method of procedure in that class of cases.
Now the question that has been discussed, as I have stated, is, whether the proceedings under the general chapter relating to errors, commencing with sec. 6707, are applicable to proceedings of this kind and nature, or whether they are to be governed by the provisions under Chapter Eight, concerning the appropriation of property in probate courts. To that we will now turn our attention. Chapter 8 provides, first, (sec. 6414), that the “ appropriation of private property by corporations must be made according to the provisions of ■this chapter.” It then provides that where the corporation is unable to agree with the owner of the property, it may commence proceedings, and that in such a case the corporation *526 may file with the probate judge a petition, verified as in civil action — evidently not treating this as a civil action — containing a specific description of the property, the names of all the owners, etc. It then provides for the issuing of process and bringing the parties before the court.
Going now to sec. 6420, it provides that: “On the day named in any summons first served, or publication first completed, the probate judge shall hear and determine the questions.of the existence of the corporation, its right to make the appropriation, its inability to agree with the owner, and the necessity for the appropriation. Upon these questions the burden of proof shall be upon the corporation, and any interested person shall be heard.”
Sec. 6,421. “ If the judge determine these questions for the corporation, as to any or all of the property and persons interested therein, he shall issue an order to the clerk and sheriff to draw sixteen names from the jury box, as in other cases, and within two days after the receipt of the same, they shall execute the order, and the clerk shall forthwith return it to the probate judge, with a list of the names drawn endorsed thereon; and the judge shall issue to the sheriff a venire for the jurors so drawn to attend at his office, at a time to be fixed by him and named in the writ, not exceeding ten days from the date thereof, which shall be served and returned as in other cases.”
I desire to turn to the laws of ’72, when the act from which this was codified was originally passed, and where this particular clause that I have now read was first inserted in the statutes of the state of Ohio — that is, in regard to the findings to be made by the court.
Sec. 3 provides: “ That it shall be the duty of the probate judge, on the filing of said petition, to immediately issue a summons to the owner or owners of the property described in said petition, returnable within not less than ten or more ' than fifteen days from the issuing thereof, which summons shall be directed to the sheriff of the county, and shall be *527 served and returned as in other cases. On the return day of the summons, and before the issuing of the venire for the jury, the probate judge shall proceed to inquire and determine the questions of the corporate existence of tbg corporation^ and its legal right to make appropriation of private property under this act; the inability of said corporation to agree with the owner or owners of the property sought to be appropriated, and the necessity of the appropriation ; upon all which questions the opposite party may be heard, and tbe corporation shall satisfy the court affirmatively b}' satisfactory proof.”
In the Revised Statutes it is “ the right to make the appropriation,” leaving out the words “under this act.”
The Revised Statutes then provide for the impanelling of a j ury, and then follows ;
Sec. 6422. “ The owners of each separate parcel, right or interest, shall be entitled to a separate trial by jury, verdict and judgment. They shall hold the affirmative on the trial, which shall be conducted, and evidence shall be admitted, and bills of exception may be taken, as provided in civil actions,”
Then, after proceeding to provide for other proceedings in the impanelling of the jury, for an oath to be administered to the jury, and the summoning of witnesses, they provide for the rendition of the verdict by the jury. They then provide :
“ Upon payment to the party entitled thereto, or deposit with the probate judge, of the amount of the verdict, and such costs as have lawfully accrued in the case up to the time against the corporation, the corporation shall be entitled to take possession of, and shall hold the property, rights, or interests so appropriated, for the uses and purposes for which the appropriation was sought, as set forth in the petition, and the judge shall enter of record an order to that effect, and if necessary, proper process shall be issued to place the corporation in possession thereof.”
They then provide that the corporation may abandon the *528 proceedings, if it chose, and make provision for the payment of the costs, and for the attorney's fees of the opposite party. Then in sec. 6437 it is provided:
“ Hither party may file a petition in error in the court of common pleas of the proper county, within thirty daj7s from the rendition of the final judgment in the probate court, and the proceedings in error shall be conducted as in civil actions ; but the corporation may, on the rendition of the final judgment in the probate court, pay into said court the amount of the judgment for compensation and costs therein rendered, and proceed to enter upon and appropriate the property, notwithstanding the pendency of the proceedings in error.”
In the original provision, the matter of the petition in error, and the matter of filing exceptions, which is provided for in sec. 6,422, were grouped in one section, and that section reads as follows : “ All the proceedings herein provided for in the probate court, shall be open to exceptions in the same manner that exceptions are or may be taken in civil suits in the court of common pleas ; and either party may file their petition in error in the court of common pleas of the proper county, (within thirty days from the rendition of the final judgment in the probate court, and thereupon the proceedings in error shall be proceeded in, in all respects, as is now provided by law in like cases. Provided, that such corporation shall have the right, on the rendition of the final judgment in the probate court, to pay into said court the amount of the judgment for the amount of compensation and costs therein rendered, and proceed to enter upon and appropriate such property, notwithstanding the pendency of such proceedings in error.”
I will refer to that matter again. Sec. 6,438 provides: “ If the court of common pleas, upon the hearing of the cause, affirm the judgment of the probate court, all the costs in the court of common pleas shall be paid by the plaintiff in error ; and if it reverse such judgment, it shall retain the cauafe for trial and final judgment, as in other cases, which trial *529 shall be had at the term of revei’sal of the judgment, unless for good cause shown by either party the court grant a continuance; and on the trial of the cause in the court of common pleas, the same inquiry shall be made as to the interest of the jurors, and the same oath shall be administered as is provided for in sections 6425 and 6427.”
And provision is made that if upon a subsequent trial a larger amount is awardéd, it shall be paid by the corporation ; and if a less amount be awarded than was awarded at the first trial, the difference shall be re-paid to the corporation that deposited the money. They then provide machinery for settling the rights of the several parties, and that may be done by a petition in the court of common pleas. They wind up by providing:
“ The provisions of this chapter shall not apply to proceeding’s by state, county, township, district or municipal authorities, to appropriate private property for public uses, or for roads or ditches; and in all such cases it shall be optional with such authorities to pay the judgment rendered against them according to section 6432, or to pay the costs and decline to take the property sought to be appropriated.”
Under the head of Muncipal Corporations, provision is made for the appropriation by -municipal corporations, and under that statute the corporation is given the option to proceed either in the probate court, or the court of common pleas. Provision is-made, if they commence in the probate court, to impanel the jury for that purpose; and in the court of common pleas they are to have a jury as in other cases. Upon the final i-eturn of the verdict and the judgment in that case, the corporation or party is entitled to file a petition in error, as in any other case — any civil action. The language is different from what it is in this, somewhat, and it seems in that case to place the matter very largely under the section of the chapter of errors that I have already referred to, covering the general practice of the state with regard to errors.
*530 The contention of the plaintiff in error here is with reference to this section 6,420 that I have referred to :
“ On the day named in any summons first served, or publication first completed, the probate judge shall hear and determine the questions of the existence of the corporation, its right to make the appropriation, its inability to agree with the owner, and the necessity for the appropriation.”
It is claimed by counsel that the determination of these facts and the finding of the court upon them is a special order, or an order made in a special proceeding; and that being an order made in a special proceeding, it is, by virtue, of the provisions of sections 6,707 and 6,708, to be brought for the purpose of review into the court of common pleas and into the higher courts upon a petition in error, filed under said sections. And counsel further assume that sec. 6,437 will govern in regard to all the proceedings in the appropriation case subsequent to this finding or order; but they say that sec. 6,437 does not cover this order, does not provide for the review' of it on error, and therefore, if the party has not the right to proceed under the other sections, 6,707 and 6,708, he is without a x’emedy to review for error, and the finding of the probate court upon that point is final and conclusive.
Therefore, for the purpose of protecting the interest of parties or property owners, and pursuing a liberal construction in regard to these remedies, they claim we should hole that jurisdiction is given to the court of common pleas, anu that that court had a right to hear the case, and that we have a light to hear it, and, of necessity, have a right to fix the amount of the bond for the stay of execution. We are unable to agree with counsel with regard to this, and we will state briefly the grounds wpon which we come to that conclusion :
If the statute had never been codified, there never V'ould have been any question about the matter. It is by undertaking to state a matter a little too briefly that the doubt has arisen. Prior to the act of April 23, 1872, the proceedings had been governed by a statute that was passed in May, 1852 ; *531 but the other section in regard to the finding by the court of these particular facts upon the return of the summons, was not contained in that statute. Nevertheless, the questions that are provided to be determined in this statute were questions that were to be met in each case, and were questions upon the existence of which the right of the corporation to make the appropriation would exist; and they were questions that were open to controversy. Either party might offer tes•timonyupon them. Such cases were had, and were.taken by the parties to the supreme court- upon that very class of questions. Upon re-enacting the statutes governing these appropriations, the legislature, in sec. 12, grouped this whole matter in one section, and say “ all the proceedings herein provided for in the probate court shall be open to exceptions.” It seems that there cannot be a particle of question in regard to this thing: that under that section of the statute, every step that was taken, from the filing of the petition down to the final judgment, was open to exception, and exceptions could be taken the same as in civil cases, a petition in error filed as in civil suits, and the case taken to the higher courts for revision. AYhen the codifiers came to deal with the provision, they inserted this section 6422. They provided that upon the finding being made, they had a right to proceed ; that the jury should be impanelled, and for the examination of witnesses. They then provide that “the jury shall render its verdict in writing, signed by the foreman, to the judge.”
“ The owner of each separate parcel, right, or interest, shall be entitled to a separate trial by jury, verdict, and judgment. They shall hold the affirmative on the trial, which shall be conducted, and evidence shall be admitted, and bills. of exceptions may be taken, as provided in civil actions.”
Then they provide in the subsequent sections for the filing of a petition in error.
Now, upon a very careful examination of this question, we are of opinion that the codifiers have not changed the rights of the parties in this respect, and that any person ■ who feels *532 aggrieved by the finding of the probate judge, has the same right to file his exception, take his bill of exceptions, file his petition in error, and take his case up, as he had under section 12 of the act of ’72.
There are some decisions that have been made by the Supreme Court that I have already spoken of, to-wit: in the 19 Ohio St. and 35 Ohio St., that hold that these proceedings govern exclusively in the appropriation of private property; and they are made under such circumstances, we think, that there can be no question but that they are applicable to the statute as it now stands. In the case of Little Miami R. R. Co. v. Hopkins, 19 Ohio St. 279, it was held that—
“The 9th section of the act of April 30, 1852, f to provide for compensation to the owners of private property appropriated for the use of corporations,’ (S. &C. 311), is applicable to proceedings for appropriation and compensation instituted by the land-owner under the supplemental act of April 7, 1865 (S. & S. 114); and the proceedings in the probate court in such oases can be reviewed bv the court of common pleas only when the petition in error is filed for that purpose within fifteen days from the rendition of the judgment in the probate court.”
It will be remembered that this act of ’65 granted the right to the party who was the owner of lands that had been taken without his consent by a railroad company, to go into the court and have a condemnation of the property, andan assessment of the value of the property taken ; and it was provided that the proceedings should be conducted in all respects the same as in the original act of the appropriation of private property. The court say: “ The original proceedings, here sought to be reviewed, were instituted by the defendant in error against the plaintiff in error, in the probate court of Warren County, under the act of April 6, 1865, (S. & S. 114), supplemental to the act of April 30, 1852, ‘ to provide for compensation to the owners of private property appropriated to the use of corporations.’
*533 “ These proceedings were instituted by filing a petition in the probate court on the 17th of August, 1866, and theplaintiff in error having been made a party defendant, further proceedings were had, which resulted in an assessment of compensation and damages. * * * During the progress of these proceedings in the probate court, a bill of exceptions was taken by the plaintiff in error; and to reverse said judgment, the plaintiff in error, on the 30th day of March, 1867, filed a petition in error in the court of common pleas of said county, in which many errors are alleged to have occurred in the proceedings and judgment so had and rendered in the probate court. Upon the hearing of this petition in error, the judgment of the probate court was affirmed by the court of common pleas, and to reverse this judgment of affirmance, the plaintiff in error filed a petition in error in the district court, and by reservation therein the case comes to this court for decision.
“ Before proceeding to state and determine the questions arising upon the various assignments of error in this case, it becomes necessary to inquire whether the proceedings and judgment of the probate court were open to review in the court of common pleas, under the petition in error filed therein by the present plaintiff. That petition was filed three months after the rendition of the judgment of the probate ■court which was sought to be reviewed.
“ The ninth section of the act of April 30,1852, before referred to, provides that the proceedings in the probate court, which are ■authorized by that act, • shall be open to exceptions, in the same manner that exceptions are or may be taken in civil suits in the court of common pleas of the propen county, on a writ of certiorari. * * Provided that such writ of certiorari shall be issued within fifteen days from the rendition of the judgment in the probate court.’ Now, it is claimed by the defendant in error, that this provision is applicable to proceedings instituted under the supplemental act of 1865, and that the proceedings and judgment in the probate court can only *534 be reviewed when the petition in error (which, under the code, takes the place of the obsolete writ of oertiomri), is filed in the court of common pleas within the fifteen days from the rendition of the judgment in the probate court. We discover no satisfactory grounds upon which this claim can be refuted or overruled. * *
“ The statute of 1865 directs that the same mode of proceeding shall be observed, and the cause be conducted in everj' respect to final judgment, so far as practicable, as is provided by the act of 1852. We do not find, in this language, the implication suggested by counsel, that the proceedings in review, after judgment, shall not be governed by the limitation of the same act. We regard this merely as a declaration that the whole proceeding, from its inception to its termination, should, as far as practicable, be governed by the act .of 1852.
“ Again, the questions which the plaintiff in error here seeks to present, are mainly brought into the record by bills of exceptions taken during the progress of the case in the probate court. We know of no authority for taking bills of exceptions in such special proceedings in the probate court, except that which is found in the same ninth section of the act of 1852. We tnink it is clear that a party who would avail himself of the rights conferred by this section, must exercise them in the mode and subject to the limitations which its terms prescribe.”
The same doctrine was held in the 35 Ohio St., and in the same language, nearly.
Turning now to the proceedings that were actually had in this case before the probate court, let us consider those with reference to the statute, and with reference to this same question as to whether it is a special proceeding, or an order in a special proceeding, that might be taken up under sec. 6707. The plaintiff having filed its petition in the probate court for the appropriation of property, and process having been issued, and service having been finally obtained on the proper parties, then came the Ann Arbor Company and filed an answer *535 setting up the facts I have already stated, upon which it has based its right to have its property exempt from being appropriated under this statute, and summons having been returned, and the matter coming up in the due order of business, a motion was made by the defendant to dismiss the proceeding, and that was overruled :
“Thereupon, upon said 8th day of March, 1890, at 10 A. M., came the parties and their attorneys, and the court being now advised in the premises, finds that the facts set forth in said petition of said plaintiff to be true in substance and in fact. .* * * To which finding, order and judgment the said James M. Ashley and the said Toledo, Ann Arbor & North Michigan Railway Company by their said attorneys now except.”.
And a motion for a new trial was prayed foi’, and that was overruled. A bill of exceptions was taken, and the same was signed, sealed, and allowed, and made a part of the record. “And the court now proceeding as directed by the statute, orders and directs that a jury be drawn as required by law, and that said jury be summoned to appear in this court on Wednesday, the 12th day of March', 1890, at 2 P. M., until which time this cause stands adjourned.” It will be observed that there is nothing in that finding by the probate court in regard to the facts up to the time that the motion was made for a new trial. Whether that finding shall have the force and effect of a final order, whether it could be said that it is a judgment of the court, may be a question. The finding is made preliminary to the trial of the issues of fact to the jury.
Now, we think, looking through this whole statute, and taking these whole proceedings, that they do not differ from the original proceedings that were required to be made in 1852. There has been a division, perhaps, of the decision of certain questions. There has been a division of the source of authority that is to. decide certain questions. These questions that are to be decided by the court under this sec. 6420 *536 are principally questions of law to be decided by the court — at any rate, the legislature has seen fit to make them questions of law. And in'the division of the powers and duties of the court and jury respectively, under these proceedings, they provide that the right of the party — its corporate existence, its right to proceed to appropriate property — and it would seem its right to appropriate this property particularly — at least it is so claimed and is admitted by the defendant here — is to be decided by the court as a question of law; and the necessity of making an appropriation of this kind — these are all to be decided by the court. And when the court makes that decision, and that finding, then it makes an order, and the first order it makes is simply an order that a jury be impanelled or be drawn as required ; and when that jury is brought into court, they proceed to hear evidence, and view the property, and assess compensation. After that is done, the first order is made by the court confirming the verdict, if it does confirm it; and the second order that is made by the court is after the money is paid in that has been awarded to the owner of the property, and the costs of the court. The court then makes its order, which becomes practically its final order, that the corporation shall take possession of the property, or may take possession of the property ; and has authority to issue a proper process to put it in possession of the property appropriated.
Now it seems to us clearly that these are only simply the common course of proceedings — intended to be such; that there are provisions for certain findings of law by the court, certain findings of fact, and assessment of damages by the jury; and that the intention of the legislature in these proceedings is, that while the party may take his bill of exceptions in the course of these proceedings, that there should be no petition in error filed for the reversal of any of these proceedings until there had been a final order made by the probate court, awarding in fact the possession of the property to the railroad company that has appropriated it.
It is said here, and it has been argued with a great deal of *537 force, that unless this remedy is given to the plaintiff in error that I have spoken of, that the railroad company may proceed under these proceedings, to take possession of the property, and to build its road, and to make embankments upon it, if it please, and make cuts where it is necessary, and perhaps on this particular property; to drive piling for the purpose of constructing and maintaining the track. All we can say in regard to that is, that in our judgment the scope and purpose of the statutes of this state, and the constitution of this state, if you pleas, is, that this company shall have that right. It will be remembered, by the older members of this bar at least, that prior to the constitution of 1851, the method of proceeding was to have commissioners appointed, either by the court of common pleas or by its judges — its associate judges, under the old system of practice. These commissioners were three in number. Notices were served upon the owners of property that these commissioners would appear on the property and assess damages. Thereupon the commissioners started out. They went over it piece by piece, and assessed damages, and performed as much in a day of assessing as they could by riding over the property; and it generally extended about as far as a horse could travel in a day. And the general rule of the return was, that the benefits equalled the damages. The result was, the property owners were hot with indignation, as they no doubt had the right to be. And when the constitutional convention met in 1851, the constitution of the state remedied that. But the right of the public power to take property for public uses, the right of the sovereign power to grant to railroad companies, municipal corporations, and some others, the right to take property for public uses, was never questioned; and that ivas the only thing they sought to do, Avas to preserve the right of property owners to have an assessment of their damages by a jury of twelve men; a right to heár witnesses in open court upon that question ; and as it appears by the statute of 1853, and these statutes, the right to take that question up — the questions of law and the questions *538 of fact, perhaps — to the higher courts, and to see whether error had been committed. But the policy to allow the corporation to take immediate possession of the property, has always been maintained in the constitution of Ohio. And it would seem that it was an almost necessary incident to the right of eminent domain. Before that time the sovereign power had been in the habit of taking property, or authorizing it to be taken, as the Supreme Court had held that it might authorize it to be so taken, without first making compensation. The only thing that was necessary, that the statute provided, was, that an assessment of damages for compensation should be made to the party. And it was under that state of proceedings that the original statutes were passed for taking property for railroad companies. The right to take the property, and to take it summarily, if I may so say, without waiting for the decision of the proceedings in error, was preserved all the way through. It would seem to be, as I have already said, an inevitable necessity of the exercise of the right of eminent domain. At any rate, it is sufficient to say, that without any question in our judgment, the whole policy of the state of Ohio, for the last forty years, and ever since the adoption of the constitution of’51, is to give them the right to take the property immediately, to go into the possession of it upon the assessment of damages by a jury of the amount of his damages, as said by Judge Swan, perhaps in the 19 Ohio St., an assessment of the amount of damages by a jury; provided that the proper amount of money had been paid into court to compensate the party for the value of his property and the damages that he would sustain by reason of the appropriation. And that money is retained — remains there — and adequate provisions are made for his protection in case upon a subsequent trial, after the proceedings have been reversed, that the amount of the assessment, if it is greater than the first award, shall be paid to him. It is true, and we concede that there might be eases where, if there be any classes of property in the state of Ohio that can’t be taken by a corporation, that some hard *539 ship might be suffered; but it is a matter that should be left to legislative action, where you cannot be protected by a construction of the statute, which upon the face, appears, to be the just construction.
Doyle, Scott & Lewis, for plaintiff.
E. D. Potter, Jr., for defendant.
Another question has been suggested as to why this cause could not be governed by sec. 6707. It will be observed, as I have said, that if the judgment be reversed, that the case should be retained for trial in the court of common pleas. The Supreme Court have held that when a case of this kind is taken up on error to the common pleas court, and a reversal is had, that there can be no reversal of that judgment of reversal, as was allowed at the time that decision was made in civil actions. So that court still kept up the distinction between proceedings to appropriate private property, and the ordinary proceedings in regard to the reversal of judgments in the common pleas.
The conclusion that we have arrived at is, that the motion that is here made, must be refused. Our holding is that this petition in error is prematurely filed; that we have no jurisdiction of the proceedings in error at the present time.
Plaintiff in error excepted.
Petition dismissed ; plaintiff in error excepted.